UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>             Plaintiff,<br><br>   v.<br><br>THOMAS FITHIAN, et al.,<br><br>             Defendant. | CASE NO. 3:21-cv-05453-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff, Joseph Tyler Littlefield, is currently confined at Clallam Bay Corrections Center (CBCC). Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff alleges violation of his constitutional rights related to the alleged failure by Defendant DOC employees to provide him with a soft food substitute for hard carrots at lunchtime meals on the weekends for about a month. Dkt. 4-2. He alleges Defendants violated his rights under the Eighth Amendment, Fourteenth Amendment Due Process Clause, and his right to be free from retaliation under the First Amendment. *Id.* Now, having reviewed the proposed complaint, the Court recommends this matter be DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2).

//

//

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A.    Relevant Legal Standards**

The Court screens complaints filed by prisoners or detainees under 28 U.S.C. § 1915A(a). The Court shall "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B.    Plaintiff's Allegations**

Plaintiff alleges his constitutional rights were violated when he was not provided a soft food substitute for uncooked carrots in his weekend lunches despite having been prescribed a

REPORT AND RECOMMENDATION - 2

1  "special medical soft diet" due to a dental issue. Dkt. 4-1, at 7-17. He indicates the lack of
2  substitution first occurred on January 17, 2021, and continued to occur on weekends for the
3  "remainder of the time Plaintiff was approved and ordered a medical soft diet." *Id.*, at 11.
4  Plaintiff attaches a Health Status Report (HSR) which reflects he was prescribed a soft food diet
5  by Health Services Provider Jacki L. Peterson from January 12, 2021, to February 12, 2021. Dkt.
6  4-1, at 1. Plaintiff alleges the failure to provide him with a soft food substitute for the uncooked
7  carrots during weekend lunches during this period violated his rights under the Eighth
8  Amendment and the Equal Protection Clause of the Fourteenth Amendment. *Id.*, at 7-17.
9  Plaintiff names the following Department of Corrections (DOC) employees as Defendants:
10  Thomas Fithian, Deputy Director of Prisons; Tim Thrasher, DOC Administrator; Lori Lawson,
11  Associate Superintendent; Christopher Gross, Custody Unit Supervisor (CUS); Eric Heuther,
12  Correctional Sergeant; J. Echeita, Grievance Coordinator; David Granum, Correctional Officer
13  (CO); Hallenbeck, Assistant Cook, and McCathy, Food Service Manager. *Id.*, at 3-5.
14        Plaintiff alleges Mr. McCathy, authorized the serving of the uncooked carrots to WA
15  DOC offenders on weekends instead of supplementing the foods with an approved soft diet
16  substitute as was done on weekdays. *Id.*, at 8. Plaintiff alleges that when he raised the issue with
17  CO Granum who served him the meal with the uncooked carrots on January 17, 2021, CO
18  Granum informed Plaintiff that no special diet trays were sent. *Id.* Plaintiff alleges that when he
19  informed CO Granum that he should call the kitchen to arrange for a substitution, CO Granum
20  "became hostile and aggressive with his words and posturing and hand gestures" and informed
21  Plaintiff there was no dietary substitute for the meal. *Id.*, at 8-9. Plaintiff indicates that when he
22  informed CO Granum this was an "error" CO Granum "scream[ed]" at Plaintiff "I'm not going
23

REPORT AND RECOMMENDATION - 3

to fucking argue with you!" and slammed the cuff port of Plaintiff's cell with an "excessive" amount of force. *Id.*  Plaintiff alleges CO Granum's actions also constituted retaliation. *Id.*

Plaintiff alleges that he grieved the fact that he was given a "regular mainline meal" when he had been placed on a special diet and CO Granum's "aggressive" response to his complaint. *Id.*, at 12-16. Plaintiff's complaint was investigated by Sgt. Huether and Plaintiff received an initial response from grievance coordinator J. Echeita stating that "AC Hallenbeck confirmed that on the weekends the regular diet and soft diets are the same meal. You were provided with the appropriate meal." *Id.*; Dkt. 4-2, at 3. Plaintiff appealed the response and it was investigated by CUS Gross and upheld on appeal by Associate Superintendent Lawson on behalf of Superintendent Boe. *Id.* Plaintiff appealed again and the response was upheld again by DOC Administrator Thrasher, and Deputy Director Fithian. *Id.* Plaintiff argues Defendants failed to properly investigate his grievance and argues Defendants were deliberately indifferent in denying and upholding the denial of his grievances. *Id.*

**C.    Eighth Amendment**

Inmates alleging Eighth Amendment violations based on prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wallis v. Baldwin,* 70 F.3d 1074, 1076 (9th Cir. 1995). Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to the inmate's health or safety. *Farmer*, 511 U.S. at 838–40, 114 S.Ct. 1970; *Wallis*, 70 F.3d at 1077.

The Eighth Amendment standard requires proof of both the objective and subjective component. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). First, the

REPORT AND RECOMMENDATION - 4

deprivation alleged must objectively be sufficiently serious, resulting in a denial of the "minimal civilized measures of life's necessities." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). To prove the objective component, an inmate must establish that there was both some degree of actual or potential injury, and that society considers the risk that the plaintiff complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *see also Estelle v. Gamble,* 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The subjective component requires proof that the prison official possesses a "sufficiently culpable state of mind" which is a state of mind constituting "deliberate indifference to inmate health and safety." *Farmer*, 511 U.S. at 834–36, 114 S.Ct. 1970. With regard to deliberate indifference, a prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.,* at 837, 114 S.Ct. 1970. Thus, the subjective component requires proof of three elements, that the official was (1) aware of the facts that would lead a reasonable person to infer the substantial risk of serious harm; (2) actually made the inference that the substantial risk of serious harm to the plaintiff existed; and (3) knowingly disregarded the risk. *Id.* As the Court in *Farmer* stated:

> [p]rison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent. In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.

REPORT AND RECOMMENDATION - 5

*Farmer*, 511 U.S. at 844, 114 S.Ct. 1970. If either the objective or subjective component is not established, the court need not address the other component. *Helling*, 509 U.S. at 35, 113 S.Ct. 2475.

"[T]he State must provide an inmate with a 'healthy habilitative environment[,]' [that] includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm,* 639 F.2d 559, 570–71 (10th Cir.1980). "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir. 1993) (*citing Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977)). "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" *Id.* (*quoting Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied,* 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). Only those conditions of confinement that deny a prisoner "'the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Id.* (*quoting Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)).

The Ninth Circuit has found that the "repeated and unjustified failure" to provide inmates adequate sustenance "amounts to a serious deprivation" in violation of the Eighth Amendment. *See, e.g.*, *Foster v. Runnels*, 554 F.3d 807, 813 n. 2 (9th Cir. 2009) (denying sixteen meals over twenty-three days violates the Eighth Amendment). In contrast the deprivation of entire meals on a few isolated occasions has been found not to violate the Eighth Amendment. *See Wilson v. Pima County Jail*, 256 F. App'x. 949, 950 (9th Cir. 2007) (inmate did not suffer a serious deprivation when officer took away his lunch); *Foster v. Runnels*, 554 F.3d 807, 812 n.1 (9th Cir.

REPORT AND RECOMMENDATION - 6

2009) (deprivation of meals on two occasions did not rise to the level of a constitutional violation); *Ruiz v. Lucas*, 2021 WL 84393, at *4 (E.D. Cal. Jan. 11, 2021) (denial of entire meal on one occasion did not violate the Eighth Amendment); *Stevenson v. Adams*, 2012 WL 5452075, at *3 (E.D. Cal. Nov. 7, 2012) (same); *Johnson v. Scott*, No. CV 21-2543-AB(E), 2021 WL 1664175, at *3 (C.D. Cal. Apr. 28, 2021) (same).

Plaintiff alleges that he was not provided a soft food substitute for uncooked carrots in his weekend lunches over the period of about a month. Dkt. 4-1. Plaintiff does not allege that he was unable to eat the rest of the meal or that the meal was otherwise deficient or inadequate to maintain his overall health. This was not a "repeated and unjustified failure" to provide Plaintiff with adequate sustenance. Plaintiff has also alleged no facts to indicate that the lack of a substitute for a single food item, hard carrots, in his weekend lunches placed him at a substantial risk of serious harm or that any of the Defendants were aware of and disregarded an excessive risk to his health or safety by failing to provide a soft food substitute for that single food item.

Accordingly, Plaintiff's complaint fails to state a claim under the Eighth Amendment.

**D.    Fourteenth Amendment – Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (*quoting Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based

upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

Alternatively, when an action does not implicate a protected class such as race or religion, a plaintiff may establish a "class of one" equal protection claim by alleging that he has been intentionally treated differently from others similarly situated without any rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). To "'be considered similarly situated, the class of one challenger and his comparators must be prima facie identical in all relevant respects or directly comparable in all material respects.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (*quoting U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Class of one claims must show that the plaintiff was discriminated against intentionally, rather than accidentally or randomly. *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008); *Warkentine*, 152 F. Supp. 3d at 1293. "[A] class of one plaintiff must show other persons were treated differently in nearly identical circumstances." *Burch v. Smathers*, 990 F. Supp. 2d 1063, 1075 (D. Idaho 2014).

Here, Plaintiff does not allege that he is a member of a protected class or that any specific Defendant intended to discriminate against him because of his membership in a protected class. *Cf. Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("[T]he disabled do not constitute a suspect class for equal protection purposes. ...") (citations and quotation marks omitted). Nor does Plaintiff plausibly allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis or compelling need for the

difference in treatment. For instance, Plaintiff does not allege that other inmates on a soft food diet were given a soft food substitute for uncooked carrots while he was not. *See Ruston v. Town Bd. for the Town of Skaneateles,* 610 F.3d 55, 59 (2d Cir.2010) ("Class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves."); *Purze v. Village of Winthrop Harbor,* 286 F.3d 452, 455 (7th Cir. 2002) ("[Class of one plaintiffs] must demonstrate that they were treated differently than someone who is *prima facie* identical in all relevant respects.").

Accordingly, Plaintiff's complaint fails to state an equal protection claim.

E.    **Retaliation**

The First Amendment protects prisoners' right to file grievances and pursue civil rights litigation in federal court without retaliation. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *Silva v. DiVittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

With respect to the first element, "not every allegedly adverse action is sufficient to support a claim for retaliation under § 1983." *Springfield v. Khalit*, 2019 WL 1745872 (E.D. Cal. April 18, 2019); *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) ("[S]ome adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries." (*citing Thaddeaus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999).)

REPORT AND RECOMMENDATION - 9

With respect to the fourth element, plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009), that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.

Here, Plaintiff alleges that CO Granum informed Plaintiff that no special diet trays were sent and that there were no substitute food items available and when Plaintiff continued to ask him to call the kitchen he yelled at Plaintiff "I'm not going to fucking argue with you!" and slammed the cuff port of Plaintiff's cell with an "excessive" amount of force. Plaintiff alleges that he believes CO Granum's actions were intended to intimidate him but does not allege CO Granum's actions had a chilling effect on the exercise of his First Amendment rights. Plaintiff does not allege that CO Granum threatened him with any adverse action if he continued to pursue his complaint, nor does Plaintiff allege that he suffered any other harm as a result of CO Granum's actions. The Court concludes that even assuming Plaintiff's verbal complaint regarding the uncooked carrots could be considered protected conduct and that CO Granum's actions could be considered "adverse", his actions were *de minimus*, would not have chilled or silenced a person of ordinary firmness from future First Amendment activities, and did not cause any other harm to Plaintiff.

Accordingly, Plaintiff has failed to state a retaliation claim.

//

//

//

**F.      Leave to Amend**

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, based upon the facts and causes of action asserted by Plaintiff, the Court cannot conceive of additional facts that could be asserted in order to state a claim. Rather, it appears to the Court that Plaintiff would have to abandon the claims as asserted and allege entirely new causes of action based on a new set of facts. As it appears amendment of Plaintiff's claims would be futile, the Court concludes Plaintiff should not be granted leave to amend.

## CONCLUSION

For the reasons discussed above, the Court recommends Plaintiff's complaint (Dkt. 4-1) be DISMISSED without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A and 1915(e)(2)(B)(ii). A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **August 26, 2021.** The Clerk should note the matter for **August 27, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the

Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **8 pages**. The failure to timely object may affect the right to appeal.

DATED this 5th day of August, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge